**BERNARD G. BRENNAN CO. v.
UNITED STATES.**

**No. 43 C 707.**

District Court, N. D. Illinois, E. D.

Oct. 16, 1945.

W. R. Brown and Charles J. Calderini, both of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for defendant.

LA BUY, District Judge.

### Findings of Fact

1. The plaintiff is, and at all times hereinafter mentioned was, an Illinois corporation engaged in the business of meat packing, with its principal office and place of business at Chicago, Ill.

2. This is a suit of a civil nature under Section 905 of the Revenue Act of 1936, c. 690, 49 Stat. 1748, 7 U.S.C.A. § 647.

3. That on January 29, 1934, plaintiff paid to the Collector of Internal Revenue the sum of $81,998.42 as floor stock taxes and on April 2, 1934, the sum of $136.86 as floor stock taxes on hogs and hog products under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq.

4. On December 15, 1933, plaintiff paid to J. B. Wood & Company, Chicago, Ill., the sum of $857.34 which was added to the price of certain lard purchased by the plaintiff from J. B. Wood & Company because of the floor stock taxes paid thereon by J. B. Wood & Company.

5. The defendant refunded to the plaintiff the sum of $2,194.86 of the said floor stock taxes and the plaintiff was reimbursed for said floor stock taxes by its vendees to the extent of $3,565.60.

6. On June 30, 1937, plaintiff filed a claim for refund of $77,232.06 of the floor stock taxes above mentioned which alleged that plaintiff had at all times sold its commodities at the prevailing market prices.

7. On December 16, 1939, plaintiff filed an amended claim for refund with the Commissioner of Internal Revenue for the refund of $77,232.06, in which, as evidence that the plaintiff had not shifted the burden of the tax it sought to have refunded, in which a comparison was made of the plaintiff's prices prevailing at the time of the incidence of the tax and those prevailing during the period in which the inventory upon which the tax was assessed was sold.

8. By registered letter dated June 12, 1943, the Commissioner of Internal Revenue rejected the amended claim for refund for the plaintiff's failure to establish that it had borne the burden of the tax

and for failing to submit evidence as a basis for the allowance of the claim.

9. The plaintiff, at all times before and after the imposition of the floor stock tax, sold its products at prevailing market prices.

10. On November 5, 1933, the date of the imposition of the floor stock tax, the market prices at which the plaintiff sold its products were increased by the amount of the tax.

11. The plaintiff has failed to prove that it absorbed the burden of the floor stock tax.

### Conclusions of Law

1. The claim for refund does not comply with the provisions of Section 903 of the Revenue Act of 1936, 7 U.S.C.A. § 645, because it contains no evidence from which it can be determined whether or not the plaintiff shifted the economic burden of the tax.

2. The defendant is entitled to judgment dismissing the complaint.